1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARISELA M. LOPEZ and ABNER A. LOPEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, NA, et al.,<br><br>    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

3:11-cv-740-RCJ-WGC

**ORDER**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Currently before the Court are three Motions to Dismiss (#6, 8, 16), a Motion to Remand (#12), and an Ex Parte Motion for Temporary Restraining Order (#29).  For the following reasons, the Court grants the motion to remand (#12), grants the motion for temporary restraining order (#29), and dismisses the motions to dismiss for lack of jurisdiction (#6, 8, 16).

**BACKGROUND**

**I.    Facts**

Plaintiffs Marisela M. Lopez and Abner A. Lopez (collectively "Plaintiffs") executed a note secured by a deed of trust on a piece of property located at 480 Golden Vista Avenue, Reno, Nevada 89506, which was recorded in Washoe County on July 17, 2006.  (Deed of Trust (#9-1) at 5, 7).  The mortgage, dated July 12, 2006, was for $400,500.  (*Id.* at 6).  The lender on the deed of trust was Wells Fargo Bank, NA.  (*Id.* at 5).  The trustee on the deed of trust was United Title of Nevada.  (*Id.* at 6).

On December 15, 2010, Stanley Silva, an agent of LSI Title Agency and Ticor Title of Nevada, executed and filed a notice of default and election to sell purportedly on behalf of National Default Servicing Corporation, an agent for Wells Fargo. (Notice of Default (#9-2) at

2-3). The notice of default stated that Plaintiffs were behind in their payments and owed $29,424.41 as of that date. (*Id.* at 2).

On February 23, 2011, Wells Fargo Bank by its attorney in fact National Default Servicing Corporation executed a corporation assignment of deed of trust and transferred all beneficial interest in the deed of trust to US Bank National Association. (Assignment of Deed of Trust (#9-2) at 6).

On that same day, February 23rd, National Default Servicing Corporation executed a substitution of trustee and replaced itself as the trustee for United Title of Nevada. (Substitution of Trustee (#9-2) at 8).

On March 22, 2011, National Default Servicing Corporation recorded a certificate from the Nevada Foreclosure Mediation Program stating that the beneficiary could proceed with the foreclosure process because the property was "non-applicable." (Mediation Certificate (#9-2) at 10).

**II.    Complaint**

On October 13, 2011, Wells Fargo filed a petition for removal and attached Plaintiffs' amended complaint from the Second Judicial District Court in Washoe County. (Pet. for Removal (#1); Compl. (#1-2) at 17-31). In the amended complaint, Plaintiffs sued Wells Fargo Bank NA, United Title of Nevada, US Bank National Association, National Default Servicing Corporation, Ticor Title Agency of Nevada, Inc., and LSI Title Agency, Inc. (Compl. (#1-2) at 17).

The complaint alleged the following. The notice of default had not been executed by the trustee, United Title, or by the lender, Wells Fargo. (*Id.* at 20). Instead, the notice of default was executed by Stanley Silva of Ticor Title of Nevada as agent for LSI Title Agency for National Default Servicing Corporation. (*Id.* at 20-21). Plaintiffs alleged that the notice of default was void and that no further actions could be taken by any party against their property based on that notice of default. (*Id.* at 21). Plaintiffs also alleged that the property at issue was their principal residence and that they were qualified to participate in the Nevada mediation program, but were not provided information in a timely manner. (*Id.* at 22).

2

Plaintiffs alleged three causes of action.  (*Id.* at 25).  In the first cause of action, Plaintiffs alleged unlawful or fraudulent foreclosure because the foreclosure documents did not provide sufficient evidence that those entities had the right to enforce the deed of trust. (*Id.* at 26).  In the second cause of action, Plaintiffs sought declaratory relief.  (*Id.* at 27).  In the third cause of action, Plaintiffs sought injunctive relief to stop the foreclosure sale.  (*Id.* at 28).  Pursuant to the *ex parte* motion for a temporary restraining order, it appears that the trustee's sale is scheduled for January 4, 2012.[1]  (Mot. for TRO (#29) at 2).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(A)-(B).  The restraining order must "state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record."  Fed. R. Civ. P. 65(b)(2).

## DISCUSSION

## I.    Motion to Remand (#12)

Plaintiffs filed a motion to remand this case back to state court.  (Mot. to Remand (#12) at 1).  Plaintiffs argue that there is no federal question jurisdiction because their claim is based in state law.  (*Id.* at 3).  Plaintiffs argue that there is no diversity jurisdiction because United Title of Nevada and Ticor Title of Nevada are both Nevada corporations.  (*Id.* at 5).

In response, LSI Title argues that this Court does have diversity jurisdiction in this case because United Title of Nevada, Inc. and Ticor Title Agency of Nevada, Inc. were fraudulently

---

[1]  The motion for TRO states that the trustee's sale is scheduled for January 4, 2011. (Mot for TRO (#29) at 2).  However, Plaintiffs most likely meant January 4, 2012, given that they filed the motion for TRO on December 29, 2011.  (*Id.* at 1).

joined.  (Opp'n to Mot. to Remand (#19) at 3).  LSI Title argues that United Title was the original trustee on Plaintiff's deed of trust and Ticor signed the notice of default as agent for LSI, but asserts that neither of those entities are attempting to foreclose on the property and, thus, no cause of action can be reasonably asserted against them.  (*Id.* at 4).

In reply, Plaintiffs assert that United Title of Nevada and Ticor Title of Nevada still have responsibilities under the note because there was never a valid assignment or valid substitution of trustee.  (Reply to Mot. to Remand (#24) at 2).

Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).

In this case, Plaintiffs are correct that this Court lacks subject matter jurisdiction.  First, this Court lacks federal question jurisdiction because Plaintiffs' substantive claim is based on a statutory defect in Nevada foreclosure law.  Second, this Court lacks diversity jurisdiction because Plaintiffs are citizens of Nevada and two of the defendants are Nevada corporations.  Despite what Defendants argue, United Title of Nevada and Ticor Title Agency of Nevada are not fraudulently joined.  United Title of Nevada is the original trustee on the deed of trust.  Additionally, there has been no valid substitution of trustee because the substituted entity, National Default Servicing Corporation, substituted itself as the trustee.  (*See* Substitution of Trustee (#9-2) at 6).  Additionally, Ticor Title Agency of Nevada is not fraudulently joined because it is one of the entities that executed the notice of default and, thus, is a proper party to this defective foreclosure action.  (*See* Notice of Default (#9-2) at 3).

Accordingly, this Court grants the motion to remand (#12) because it lacks subject matter jurisdiction over this case.  Because this Court lacks subject matter jurisdiction the Court dismisses the motions to dismiss (#6, 8, 16) for lack of jurisdiction.  However, because Defendants are set to sell the property at a trustee's sale on January 4, 2012, the Court grants the motion for a temporary restraining order before remanding the case.

**B.**   **Motion for Temporary Restraining Order (#29)**

Plaintiffs seek a motion for a temporary restraining order to stop the trustee's sale

4

1
2
3
4

scheduled for January 4, 2012.  (Mot. for TRO (#29) at 2).  Plaintiffs assert that Defendants failed to comply with NRS § 107.080 *et seq.*  (*Id.*).  Plaintiffs argue that they will suffer irreparable harm or injury because they will lose their home and their family will be displaced. (*Id.* at 1-2).

5
6
7
8
9
10
11
12
13
14
15
16
17

In this case, the Court grants the motion for a temporary restraining order.  The facts of this case demonstrate a wholly defective foreclosure. First, Stanley Silva, as an agent for LSI Title Agency and Ticor Title of Nevada executed the notice of default on behalf of National Default Servicing Corporation, a purported agent of Wells Fargo. (*See* Notice of Default (#9-2) at 2-3).  There are no documents in the record that demonstrate that any of those "agents" had the authority to act on behalf of Wells Fargo.  Additionally, on the date that Stanley Silva had executed the notice of default, none of those purported agents had been substituted as trustees.  Second, the substitution of trustee is defective.  (*See* Substitution of Trustee (#9-2) at 8).  National Default Servicing Corporation executed its own substitution of trustee with no authority from anyone associated with the original deed of trust.  As such, Plaintiffs have demonstrated a likelihood of success on the merits of their claim.  Additionally, Plaintiffs will suffer irreparable injury if Defendants are able to sell Plaintiffs' home without the authority to do so.  Accordingly, the Court grants the motion for a temporary restraining order (#29).

18
19
20
21
22
23
24
25
26
27
28

///
///
///
///
///
///
///
///
///
///
///

5

1

**CONCLUSION**

2    For the foregoing reasons, IT IS ORDERED that the Motion to Remand (#12) is

3    GRANTED for lack of subject matter jurisdiction.

4    IT IS FURTHER ORDERED that the Ex Parte Motion for Temporary Restraining Order

5    (#29) is GRANTED.  This TRO expires on January 13, 2012, at 5:00 pm.  All further motions

6    must be filed in state court pursuant to the remand.

7    IT IS FURTHER ORDERED that the Motions to Dismiss (#6, 8, 16) are DISMISSED for

8    lack of jurisdiction.

9

10    DATED:  This 30th day of December, 2011.

11

12    _____

13    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6